UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARYL KEITH BURNETT, JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-678-JD-MGG |
| J. ANTON, et al., | |
| Defendants. | |

OPINION AND ORDER

Daryl Keith Burnett, Jr., a prisoner without a lawyer, filed a complaint (ECF 2) in the Southern District of Indiana naming thirteen defendants and complaining about actions taking place at both the Indiana State Prison and Wabash Valley Correctional Facility. The case was severed, and Burnett's claims against J. Anton, Warden Ron Neal, and J. Lyttle were transferred to this district. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On July 13, 2017, Burnett was charged with possessing a controlled substance in violation of IDOC offense B-202 in case number ISP 17-07-0235. Burnett alleges that he

requested that evidence be considered that would have proved his innocence; namely, video evidence and a witness statement. On July 21, 2017, Disciplinary Hearing Officer (DHO) J. Anton found Burnett guilty of the charge but did not let him present the evidence he requested. Burnett was sanctioned with a sixty-day loss of earned credit time, a demotion in credit class that was suspended, and loss of phone and commissary privileges. He appealed that finding to Warden Ron Neal unsuccessfully. He also appealed to Appeal Review Officer J. Lyttle. That appeal was denied on December 14, 2017. Nonetheless, on August 9, 2018, the charge was dismissed, his lost earned credit time was returned to him, and the matter was expunged from his record. All lost credit time was restored.

Burnett asserts a Fourteenth Amendment claim against the defendants for violating his right to procedural due process with respect to the disciplinary hearing. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. The complaint plausibly suggests that DHO J. Anton denied Burnett his right to present evidence at the disciplinary hearing and that Warden Neal and Appeal Review Officer J. Lyttle condoned this procedural violation. Therefore, Burnett may proceed against them.

Burnett has also sued J. Anton, Warden Neal, and J. Lyttle because he was placed in segregation following the incident on July 13, 2017, and he remained there until February 28, 2019 – well after his disciplinary sanction was vacated. But, the decision to place Burnett in segregation was not a sanction imposed as a result of the disciplinary proceedings. Rather, this was a separate decision, and it is unclear from the complaint who is responsible for it.

Even if one of the named defendants were responsible for the decision to place Burnett in segregation, Burnett claims that he was entitled to a review hearing every 90-days pursuant to IDOC policy. But, a violation of an IDOC policy does not amount to a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). The Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, an inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. After *Sandin*, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). However, placement in long-term segregation approaching a year or

3

more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009) (determination of whether 240 days in segregation imposed an atypical, significant hardship could not be made at the pleading stage).

Because Burnett was placed in segregation for nineteen months, the Due Process Clause was potentially implicated, but even if Burnett suffered an atypical and significant hardship while in segregation, the due process rights he was entitled to were very limited. Where such a liberty interest is at stake, an inmate is only entitled to "some informal, nonadverserial" procedures. *See Westefer v. Neal*, 682 F.3d 679, 684-85 (7th Cir. 2012.) Informal due process requires "some notice" of the reason for the inmate's placement and an opportunity to present his views. *Id.* The initial placement review need only take place "within a reasonable time" and the inmate is not entitled to a hearing, to call witnesses, or to require prison officials to interview witnesses. *Id.* He is also not entitled to a written decision describing the reasons for his placement or to a formal appeal procedure. *Id.* at 686. He is entitled to periodic review of his placement, but this process may also be informal and non-adversarial. *Id.* The frequency of such review is "committed to the administrative discretion of prison officials." *Id.* at 685. Review "need only be sufficiently frequent that administrative segregation does not become a pretext for indefinite confinement." *Id.* at 686. In short, "the requirements of informal due process leave substantial discretion and flexibility in the hands of the

4

prison administrators." *Id.* at 685. Nothing in Burnett's complaint suggests that he did not receive the minimal process that he was due.

Burnett's complaint also alleges that, while he was in segregation, he was fed rotten food and denied toilet paper. He alleges that a variety of staff intentionally caused him to miss calls from his attorney. He alleges that he was denied access to a legal directory, law library materials, and his personal legal materials. And, he alleges that the filing of his complaint in this case was delayed due to a lack of adequate law library access. To the extent that he may be attempting to raise an independent Eighth Amendment claim based on any of these allegations, he has not linked his allegations to any defendant that he is proceeding against in this case and therefore cannot proceed on those claims.

For these reasons, the court:

(1) GRANTS Daryl Keith Burnett, Jr., leave to proceed on a Fourteenth Amendment claim for money damages against J. Anton for violating his right to procedural due process by preventing him from presenting evidence at the disciplinary hearing on July 21, 2017, and against Warden Ron Neal, and J. Lyttle for condoning that violation;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) J. Anton, Warden Ron Neal, and J. Lyttle at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant that does not waive service, if it has such information; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that J. Anton, Warden Ron Neal, and J. Lyttle respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 15, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT